# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-CV-00122-RGK-MAA | Date | March 19, 2019 |
|---|---|---|---|
| Title | *JOSHUA MENDOZA v. SAVAGE SERVICES CORPORATION* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:**  (IN CHAMBERS) Order Re: Plaintiff's Motion to Remand (DE 18)

## I. INTRODUCTION

On November 13, 2018, Joshua Mendoza ("Plaintiff") filed this class action complaint against Savage Services Corporation ("Defendant") for wage and hour violations under the California Labor Code. Plaintiff alleges claims for (1) unpaid overtime, (2) unpaid meal period premiums, (3) unpaid rest period premiums, (4) unpaid minimum wages, (5) final wages not timely paid, (6) non-compliant wage statements, (7) waiting time penalties, and (8) violation of California Business and Professional Code.

On January 7, 2019, Defendant removed the action to federal court on the basis of diversity jurisdiction. On January 14, 2019, Defendant filed a motion to dismiss or strike the Complaint, which the Court took under submission on February 13, 2019.

Presently before the Court is Plaintiff's Motion to Remand. As explained below, after reviewing Defendant's Notice of Removal and Opposition, the Court is not convinced that the amount in controversy jurisdictional requirement is satisfied. Accordingly, the Court **GRANTS** Plaintiff's Motion to Remand.

## II. FACTUAL BACKGROUND

Plaintiff, a citizen of the state of California, was employed by Defendant in the state of California from approximately February 19, 2013 to August 30, 2018. (Notice of Removal Ex. A ("Compl.") ¶17, ECF No. 1-1.) Defendant is a Utah corporation with its principal place of business in Utah. (Kepley Decl. ¶ 3, ECF No. 3.) Defendant argues that the Court has diversity

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:19-CV-00122-RGK-MAA | Date | March 19, 2019 |
|---|---|---|---|
| Title | *JOSHUA MENDOZA v. SAVAGE SERVICES CORPORATION* | | |

jurisdiction because the parties are diverse and the amount in controversy is at least $77,597. (Notice of Removal ¶ 26, ECF No. 1.)

Defendant contends that Plaintiff worked 280 days at a rate of pay of $25.00 per hour, 192 days at a rate of pay of $26.00 per hour, and 242 days at a rate of pay of $26.50 per hour. (Kepley Decl. ¶¶ 4–6.) Based on these rates and Plaintiff's allegations, Defendant contends that Plaintiff's alleged damages are: (1) at least $36,810 for unpaid meal and rest period premiums based on a 100% violation rate of the 714 days Plaintiff worked for Defendant; (2) at least $11,130 for waiting time penalties; (3) at least $2,050 for the 20 pay periods Plaintiff worked for during the relevant times; and (4) at least $27,607 for unpaid overtime compensation, assuming one hour of unpaid overtime for 100% of the shifts Plaintiff worked during the relevant periods. (Notice of Removal ¶¶ 20–23.)

## III.    JUDICIAL STANDARD

Pursuant to 28 U.S.C. § 1332, district courts have original jurisdiction over any civil action in which the parties are citizens of different states and the action involved an amount in controversy that exceeds $75,000. The removing defendant bears the burden of proving the amount in controversy has been met. *Lowdermilk v. United States Bank Nat'l Ass'n*, 479 F.3d 994, 998 (9th Cir. 2007). If the complaint does not allege that the amount in controversy has been met, the removing defendant must plausibly allege in its notice of removal that the amount in controversy exceeds the jurisdictional threshold. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553–54 (2014). If the plaintiff contests or the court questions the defendant's allegations, the defendant must establish that the jurisdictional requirement has been met by a preponderance of evidence. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566–67 (9th Cir. 1992).

## IV.    DISCUSSION

After reviewing Defendant's Notice of Removal and Opposition to Plaintiff's Motion to Remand, the Court finds that Defendant's amount in controversy calculation of $77,597 is not supported by adequate evidence. Because Defendant's amount in controversy calculation is in large part based on Plaintiff's meal and rest claim and Plaintiff's overtime claim, the Court limits its review to those two claims. As explained below, even if the contended amounts are correct as to the other claims, after adjusting the amount Defendant allocated for Plaintiff's meal and rest claim or Plaintiff's overtime claim, the amount in controversy is below the jurisdictional threshold of $75,000.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:19-CV-00122-RGK-MAA | Date | March 19, 2019 |
|---|---|---|---|
| Title | *JOSHUA MENDOZA v. SAVAGE SERVICES CORPORATION* | | |

### A.  Meal and Rest Claim

Defendant estimates that the amount in controversy for Plaintiff's meal and rest claim is $36,810. (Notice of Removal ¶ 20.) To support the figure, Defendant assumes one missed meal and rest period for each day Plaintiff worked. (*Id.*) Defendant thus assumes a 100% meal and rest period violation rate for Plaintiff's 714 days worked. That is, Defendant's calculation is based on the assumption that Defendant violated Plaintiff's right to a meal and rest period every day Plaintiff worked for Defendant. Defendant, however, fails to provide any factual allegations to support a 100% violation rate. Therefore, even given the "pattern and practice" scheme Plaintiff alleges, the Court is skeptical of Defendant's calculation.

When a defendant's calculation lacks factual support, courts in this district routinely apply a 20% violation rate—that is, one missed mean and rest period per work week—for meal and rest period premiums. *See, e.g., Blevins v. Republic Refrigeration, Inc.*, No. CV 15-04019, 2015 U.S Dist. LEXIS 130521, at *28–29 (C.D. Cal. Sep. 28, 2015); *Ray v. Nordstrom Inc.*, No. CV 11-07277, 2011 U.S. Dist. LEXIS 146657, at *9 (C.D. Cal. Dec. 9, 2011).

Applying a 20% violation rate, the Court calculates Plaintiff's meal and rest claim as follows: Plaintiff's rate of pay of $25.00 multiplied by days worked at that rate (280 days) multiplied by the violation rate (20%) plus Plaintiff's rate of pay of $26.00 multiplied by days worked at that rate (192 days) multiplied by the violation rate (20%) plus Plaintiff's rate of pay of $26.50 multiplied by days worked at that rate (242 days) multiplied by the violation rate (20%) equals $3,681.

Assuming that Plaintiff would receive the maximum statutory penalty of two hours of pay for each meal and rest period violation under Cal. Lab. Code § 226.7(c), the Court accounts $7,362 for Plaintiff's meal and rest claim towards the amount in controversy.[1]

### B.  Overtime Claim

As to the overtime claim, Defendant calculates the amount in controversy to be $27,607. (Notice of Removal ¶ 23.) In calculating this claim, Defendant assumes that Plaintiff would be entitled to one hour of unpaid overtime for every shift Plaintiff worked. (*Id.*)

Again, Defendant assumes a 100% violation rate without any factual or evidentiary support.

---

[1] It is worth noting, however, that even if the Court assumed a 100% violation rate for Plaintiff's meal and rest period claim, the amount in controversy threshold would still not be met given the speculative nature of Defendant's overtime claim calculation.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:19-CV-00122-RGK-MAA | Date | March 19, 2019 |
|---|---|---|---|
| Title | *JOSHUA MENDOZA v. SAVAGE SERVICES CORPORATION* | | |

When a 100% violation rate is not supported by a factual or evidentiary basis, courts in this district have found that a conservative 20% violation rate, or one hour of overtime pay per week, to be reasonable. *See Blevins*, 2015 U.S Dist. LEXIS 130521, at *31–32; *Soratorio v. Teroso Ref. & Mktg. Co., LLC*, No. CV 17-1554, 2017 U.S Dist. LEXIS 63627, at *9 (C.D. Cal. Apr. 26, 2017). The Court therefore applies a 20% violation rate to calculate Plaintiff's overtime claim.

Because Section 510 of the California Labor Code provides for overtime compensation to be "no less than one and one-half times ["1.5"] the regular rate of pay", the Court calculates Plaintiff's overtime claim as follows: Plaintiff's rate of pay of $25.00 multiplied by 1.5 for overtime pay multiplied by days worked at that rate (280 days) multiplied by the violation rate (20%) plus Plaintiff's rate of pay of $26.00 multiplied by 1.5 for overtime pay multiplied by days worked at that rate (192 days) multiplied by the violation rate (20%) plus Plaintiff's rate of pay of $26.50 multiplied by 1.5 for overtime pay multiplied by days worked at that rate (242 days) multiplied by the violation rate (20%) equals $5,521.50.

The Court therefore accounts $5,521.50 for Plaintiff's overtime claim towards the amount in controversy.

### C. Amount in Controversy is Not Satisfied

Based on the foregoing, Defendant failed to show by a preponderance of the evidence that the amount in controversy exceeds $75,000. After adjusting for the amount the Court allocated for Plaintiff's meal and rest claim or Plaintiff's overtime claim, the amount in controversy fails to meet the $75,000 jurisdictional threshold. The Court therefore lacks subject matter jurisdiction.

## V. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion to Remand (DE 18) and **REMANDS** the case to state court. The Court **denies** Defendant's request to conduct jurisdictional discovery. Defendant's Motion to Dismiss or Strike is also **denied as moot** (DE 12).

**IT IS SO ORDERED.**

_____ : _____

Initials of Preparer

_____